UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOUGLAS P. RUSSELL and
TRACY E. RUSSELL,

      Debtors.
_____/

DOUGLAS P. RUSSELL and               Case No. 05-70227
TRACY E. RUSSELL                         Hon. John Corbett O'Meara

      Appellants,

v.

LABORERS' FRINGE BENEFIT FUNDS -
DETROIT AND VICINITY,

      Appellee.
_____/

## OPINION AND ORDER

     Appellants Douglas and Tracy Russell have filed a pro se appeal of a decision of the Bankruptcy Court for the Eastern District of Michigan, which denied a motion to vacate judgment. For the following reasons, the decision of the Bankruptcy Court is affirmed.

## Background

     The Russells are the former owners of a small construction company who filed for bankruptcy. As part of the bankruptcy process, the labor union representing their former employees initiated an adversary proceeding to hold them personally liable for $22,418.56 in alleged unpaid fringe benefit obligations and to make this debt non-dischargeable. The claim was eventually settled for $11,000. The Russells both signed a consent judgment which was

entered in the Bankruptcy Court on August 6, 2003.

The Russells now maintain they did not fully consent to the consent judgment they signed. They claim they never owed the union $22,418.56. In earlier affidavits they admitted owing approximately $8,500, but contested owing anything more. The Russells claim that their attorney gave them incompetent advice during the bankruptcy process and conspired with the labor union's attorney to coerce them into signing the consent judgment.

On July 1, 2004, the Russells filed a pro se motion to vacate the consent judgment in the Bankruptcy Court. After a hearing on August 24, 2004, at which time the Russells could provide no legal reason to vacate the consent judgment, the motion to vacate was denied on August 25, 2004. The Russells filed a motion to reconsider the order denying their motion to vacate. That motion was denied on October 20, 2004. They subsequently filed a second motion to reconsider the October 20, 2004 order based on alleged newly discovered evidence, pursuant to Federal Rule of Civil Procedure 60(b). This second motion to reconsider was denied on January 5, 2005. The Russells subsequently filed this timely appeal of that order.

## Law and Analysis

The denial of a motion made pursuant to Rule 60(b) is reviewed for an abuse of discretion. Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 263 n. 7 (1978). The Russells have not shown that the Bankruptcy Court abused its discretion by denying their motion to reconsider.

The Russells' motion was based on alleged newly discovered evidence which would have altered the court's decision. Under Rule 60(b), however, newly discovered evidence must have been evidence which by due diligence could not have been discovered in time to move for a new

trial under Rule 59(b). The Russells' submissions were all readily obtainable prior to the Bankruptcy Court's original order denying their motion to vacate the consent judgment. The Bankruptcy Court correctly held that the Russell's submissions did not qualify as newly discovered evidence under Rule 60(b).

Moreover, even if the evidence cited by the Russells was not reasonably discoverable in the initial proceedings, it still would not provide reason to vacate the consent judgment. The Russells have not produced evidence showing there was a mutual mistake or fraudulent misrepresentation that led to their agreement to the consent judgment. Brown v. County of Genesee, 872 F.2d 169, 174 (6th Cir. 1989). Whether or not their attorney gave them sound advice, the Russells decided to settle the case. Whatever claims they may have against their former attorney are properly litigated in a separate action in state court.

Accordingly, the decision of the Bankruptcy Court to deny Appellant's 60(b) motion is **AFFIRMED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: September 21, 2005